UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | Case No. 2:20-cv-00687-CDS-VCF |
| Plaintiff, | |
| v. | Order |
| CORY J. HILTON; LAW OFFICES OF CORY J. HILTON; MOUNTAIN VISTA LAW GROUP; TOMIKO BARNES; and BRIAN GOTTI, | |
| Defendants. | |

This action involves an insurance company (Plaintiff James River) seeking to rescind and/or void certain professional liability insurance policies issued to Defendants Cory J. Hilton, his former law practice (Law Offices of Cory J. Hilton), and his new law office (Mountain Vista Law Group) (hereinafter referred to collectively as "the Hilton Defendants"). *See generally* ECF No. 1. James River also seeks declaratory relief from the Court. Specifically, James River seeks a declaration that the recission and/or voiding of the contested policies means they owe no defense or indemnity obligations to malpractice claims against the Hilton Defendants brought by Defendants Tomiko Barnes and Brian Gotti. *Id.* at 9.

Pending before the Court are two motions to reconsider the grant of summary judgment in favor of Plaintiff James River Insurance Company (ECF No. 43). The first motion for reconsideration was brought by Defendant Brian Gotti. ECF No. 45. The second was brought by Defendants Cory J. Hilton, Law Offices of Cory J. Hilton, and Mountain Vista Law Group. ECF No. 56.

For the reasons set forth herein, I hereby grant both motions for reconsideration (ECF Nos. 45, 56), reconsider James River's motion for summary judgment (ECF No. 30), and grant in part and deny in part James River's motion for summary judgment.

## I.   THE MOTIONS FOR RECONSIDERATION

### A.  Procedural History

Plaintiff James River filed the complaint initiating this lawsuit against all Defendants on April 16, 2020, seeking a jury trial for fraudulent concealment and requesting declaratory relief via recission of the insurance contract providing professional liability insurance issued by James River. *See generally* ECF No. 1. Defendant Barnes, *pro se*, filed an answer to the complaint on June 23, 2020. ECF No. 17. The Hilton Defendants filed their answer on July 24, 2020. ECF No. 22. Defendant Gotti did not answer the complaint; the Court entered default judgment against Gotti on July 29, 2020.[1] ECF No. 23.

On January 15, 2021, James River moved for summary judgment against Barnes and the Hilton Defendants. ECF No. 30. Barnes filed an opposition to the motion on February 5, 2021. ECF No. 36. The Hilton Defendants responded in opposition on February 12, 2021. ECF No. 38. Gotti, proceeding *pro se* and seeking to reenter the lawsuit, responded to Plaintiff's motion for summary judgment on February 18, 2021, by joining Barnes' and the Hilton Defendants' responses. ECF No. 39. James River replied to the collective responses on February 26, 2021. ECF No. 40.

A hearing regarding the motion for summary judgment was held on September 17, 2021. ECF No. 43. At the conclusion of the hearing, James River's motion for summary judgment was granted.[2] The judge granted leave to Gotti, now represented by counsel at the hearing, to submit a motion for reconsideration of the Court. *Id.* Leave was granted because Gotti obtained counsel

---

[1]   Gotti filed a motion to set aside the entry of default judgment against him. ECF No. 46. James River did not oppose the motion. ECF No. 53. The default judgment was set aside during oral argument on the motions for reconsideration. *See* ECF No. 64.

[2]   The hearing transcript served as the written Opinion and Order of the Court. ECF No. 43.

just before the hearing date, and Gotti's counsel had not had the chance to fully brief Gotti's opposition to summary judgment. *Id.*

Gotti filed his motion for reconsideration on September 24, 2021. ECF No. 45. James River responded to the motion for reconsideration on October 8, 2021. ECF No. 47. Gotti replied on October 15, 2021. ECF No. 49. The Hilton Defendants filed their own motion for reconsideration on November 4, 2021. ECF No. 56. They also joined Gotti's motion. ECF No. 57. James River responded to that motion on November 18, 2021. ECF No. 59. The Hilton Defendants replied on November 26, 2021. ECF No. 60.

Gotti and the Hilton Defendants also filed appeals to the summary judgment order in the Ninth Circuit. ECF Nos. 50, 54. The Ninth Circuit indicated that by rule, the motions for reconsideration had to be resolved prior to accepting the appeal. ECF No. 61.

This case was administratively reassigned to me on May 17, 2022. ECF No. 62. I set an omnibus hearing for June 17, 2022, to resolve the motion for reconsideration before this Court. ECF No. 63. After hearing the arguments of the parties, the motions were taken under advisement.

### B. Relevant Facts

To resolve the pending motions for reconsideration, I begin by setting out the undisputed facts, then I turn to disputed facts.

#### i. Undisputed Facts

Plaintiff James River Insurance Company is a provider of legal malpractice insurance but is not admitted to insure Nevadans. ECF No. 30 at 3. James River worked with a Nevada retail agent and a Nevada wholesale insurance broker to deliver insurance coverage to the Hilton Defendants, Las Vegas residents.[3] *Id*. In deciding whether to issue an insurance policy, James

---

[3] For purposes of resolving these motions it is unnecessary to delve into the provider-agent-broker triumvirate at this time.

River relied on the written applications submitted by or on behalf of the Hilton Defendants. *Id.* at 4.

Part of James River's application requires prospective insureds to "disclose to the company… all potential claims of which the applicant is aware." ECF No. 30 at 4. The written application asks the prospective insureds about such claims. *Id.* Question 16 of the application asks, "[i]n the last 12 months, has any attorney associated with your firm been the subject of any new or current investigation, disciplinary action or proceeding?" *Id.*; ECF No. 30, Ex. 1; ECF No. 30, Ex. 2-7. Depending on the nature of any disciplinary proceedings disclosed, the insurance company could issue the policy, albeit with higher premiums, or decline to issue any policy at all. ECF No. 30 at 4.

The Hilton Defendants first applied for insurance coverage from James River in 2013. ECF No. 30 at 3. During the initial application and each annual policy renewal between 2013 through 2019, the Hilton Defendants submitted professional liability insurance applications wherein they answered the question about any pending investigations, disciplinary actions, or proceedings with "no." *Id.* Between 2013 and 2016, the answer of "no" was accurate.

Beginning sometime around January 2017, Hilton was the subject of such proceedings before the Nevada State Bar. ECF No. 1 at 4-5. Separate grievances were filed against Hilton in January 2017, August 2017, and August 2018. *Id.* at 5. The grievances were consolidated by the State Bar of Nevada on September 5, 2018. *Id.* In November of 2018, Hilton attempted to enter into a conditional guilty plea agreement (GPA) to resolve the pending grievances. *Id.* The terms of that GPA were that Hilton would accept an 18-month suspension from the practice of law and pay restitution to the aggrieved parties. *Id.* Less than a month later, when it came time for the annual insurance renewal for the Law Offices of Cory J. Hilton, in December 2018, Hilton

completed the policy renewal application (Policy No. 60411-5)[4] and again answered "no" to the question regarding disciplinary investigations and/or proceedings.[5] *Id.*; ECF No. 30, Ex. 6 at 3.

The GPA was withdrawn prior to its approval. *Id.* Consequently, Hilton had to appear in formal hearings before the Nevada State Bar in June and July 2019. *Id.* The hearing resulted in a recommendation of a 5-year suspension and restitution payment. *Id.*

In December 2019, Hilton, now the owner of the renamed Mountain Vista Law Group, again denied being the subject of any disciplinary proceedings on the insurance renewal application (Policy No. 60411-6). *Id.*; ECF No. 30, Ex. 7 at 3.

The Nevada Supreme Court affirmed the recommendation of a 5-year suspension and restitution payment. *Id.*; *In re Discipline of Hilton*, 466 P.3d 940 (Nev. 2020)

        ii.    *Disputed Facts: James River Pleads Lack of Knowledge of Hilton's Misrepresentations*

James River claims that at all relevant times during the insurance renewal application process, they "had no information that contradicted the 'no' answer, and [] relied on the 'no' answer in setting the premium and deciding to issue the policies." ECF No. 30 at 4. They assert that had the Hilton Defendants been truthful in responding to James River's application forms, "James River would not have issued [policies 60411-5 or 60411-6]." ECF No. 1 at 5-6.

Defendants dispute James River's lack of knowledge of the falsity of Hilton's answers on the insurance applications. *See* ECF Nos. 36 at 5-6 (Barnes, proceeding *pro se* throughout the litigation, disputes this material fact); 38 at 7-8 (Hilton Defendants dispute this material fact); 39 at 1 (Gotti, at the time proceeding *pro se*, joins Barnes' and the Hilton Defendants' opposition disputing this material fact). Defendants also dispute James River's assertion that it would not

---

[4]    The insurance policies that James River issued to the Hilton Defendants are numbered 60411-0 through 60411-6; James River seeks only recission of policies 60411-5 and 60411-6. ECF No. 1 at 7. Policy No. 60411-5 corresponds to the sixth policy and covers the sixth policy period (i.e., Dec. 2018-19), whereas 60411-6 corresponds to the seventh policy and covers the seventh policy period (i.e., Dec. 2019-20). ECF No. 1 at 3-4.

[5]    Hilton Defendants question why Plaintiff "desperately seeks to avoid coverage for the only two years in which…claim[s] on [the] policies have ever been made." ECF No. 38 at 9. Because James River only seeks rescission of the final two policies, this Court does not consider whether Hilton Defendants' misrepresentations earlier than 2018 may have established bases for rescission of the earlier policies.

have issued the 60411-5 or 60411-6 policies had it known of the falsity of Hilton's answers. *See* ECF Nos. 36 at 5-6; 38 at 7-8; 39 at 1.

                a.   *The Timing of When James River Learns of Hilton's Disciplinary Proceedings Is Disputed*

On July 22, 2019, during the period of the sixth policy (Policy No. 60411-5), Defendant Tomiko Barnes filed a claim to James River for legal malpractice against Hilton and Mountain Vista Law Group. ECF No. 36, Ex. A at 1. Barnes alleged that Hilton failed to timely file a complaint on her behalf seeking damages for personal injuries in a slip-and-fall action, causing her action to be dismissed for failure to file within the time required by the applicable statute of limitations. ECF No. 36, Ex. E at 2. James River claims it "opened a file and investigated the Barnes claim unaware of the Nevada State Bar's proceedings against Hilton." ECF No. 1 at 6.

Barnes sent an email to James River claims examiner Neva Rotenberry (assigned to work Barnes' claim) that appears to contradict James River's claim that it did not know about proceedings against Hilton. Barnes sent that email on September 25, 2019. ECF No. 36, Ex. C at 1. The email describes "the communications that [Barnes] received from the State Bar of Nevada regarding [her] Bar complaint against…the Law Office[s] of Cory J. Hilton" and included an attachment with those communications. *Id.* Barnes's email also advised Rotenberry that a member of the law firm was directed not to tell Barnes about the statute of limitations violation and that members of the Law Offices of Cory J. Hilton "appear[ed] to be retaliating against [her] for filing" the insurance claim. *Id.* The very next day, September 26, 2019, Barnes emailed Rotenberry a second time, notifying Rotenberry that Barnes had "received about 235 pages of documents from the State Bar of Nevada." *Id.* at 2. Attached to that second email was a letter from an attorney at the Law Offices of Cory J. Hilton purporting to respond to Barnes' State Bar complaint. *Id.* Rotenberry confirms receipt of Barnes' email and attachment the day after Barnes

sent it, September 27, 2019. *Id.* at 3.

On February 4, 2020, during the period of the seventh policy (Policy No. 60411-6), Defendant Brian Gotti presented two claims for legal malpractice against Hilton and Mountain Vista Law Group. ECF No. 1 at 6. Gotti alleged that Hilton mishandled his claim seeking damages for personal injuries. *Id.* According to James River, they "opened a file and investigated the Gotti claims unaware of the Nevada State Bar's proceedings against Hilton." *Id.* As part of Gotti's filing of claim with James River, Gotti sent James River a December 2, 2019, Nevada Supreme Court brief filed by the Nevada State Bar in its disciplinary proceeding against Cory Hilton. ECF No. 30 at 5. James River alleges that prior to receiving that brief, they "had no knowledge that Mr. Hilton had been the subject of any disciplinary investigation or proceeding...[t]hus, James River was unaware that the 'no' answer to question 16 on the [60411-5 and 60411-6] applications was false." *Id.*

### b. *Whether James River Would Have Issued the Hilton Policies Given Hilton's Disciplinary Proceedings is Disputed*

James River unequivocally states that they would not have issued policies 60411-5 and 60411-6 if they had known of Hilton's pending disciplinary proceedings. ECF No. 30 at 7; ECF No. 30, Seggerman Decl. at 4. Barnes notes that James River did in fact issue policy 60411-6 "after it was notified during the first policy term about the claims pending against" the Hilton Defendants. ECF No. 36 at 6-7. Barnes further claims that from James River's issuance of the second policy, a jury "could infer...that James River would also have issued the first policy even after it was notified about pending investigations and disciplinary proceedings against Cory J. Hilton and his firm." *Id.* at 7.

. . .

Counsel for James River admitted at a hearing on the motions for reconsideration that James River raised the insurance premiums that they charged Mountain Vista Law Group following receipt of the Barnes complaint. *See* Transcript, ECF No. 64 at 17 ("James River already knew what [Barnes'] allegations were against Mr. Hilton…the premium went up the following year in light of that."). This is reflected in the premiums paid under both policies; the Law Offices of Cory J. Hilton paid $10,723.00 to James River for coverage provided by policy 60411-5. ECF No. 1 at 6. Mountain Vista Law Group paid a total premium of $13,656.00 to James River for coverage provided by policy 60411-6. *Id.*

### C. Legal Framework

A motion for reconsideration of summary judgment is appropriately brought either under Fed. R. Civ. P. 59(e) or 60(b). LR 59-1(a); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). The Hilton Defendants and Gotti requested reconsideration under Fed. R. Civ. P. 60(b). *See generally* ECF Nos. 45, 56.

A motion for reconsideration may be brought under Fed. R. Civ. P. 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "A district court generally should not grant [a motion for reconsideration] in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotations omitted); LR 59-1(a).

### D. Analysis

Gotti and the Hilton Defendants seek reconsideration under Fed. R. Civ. P. 60(b) and LR 59-1 (a) from the order granting summary judgment to James River. ECF Nos. 45, 56; *see also* ECF

No. 57 (Hilton Defendants join Gotti's motion for reconsideration). Defendants allege that the order granting summary judgment made errors of law and leads to manifest injustice. *Id.* at 3. Specifically, Defendants allege that the Court's reliance on *Mitchell v. United Nat'l Ins. Co.*, 25 Cal. Rptr. 3d 627 (Cal. Ct. App. 2005) was clear error.

Gotti and the Hilton Defendants allege that application of *Mitchell* and applying California law to the facts of this case, runs afoul of Nevada law. *Id.* at 4. Nevada law provides that when an insurer has knowledge of a misrepresentation, it waives the right to rescind the insurance contract. *Morales v. Prudential Ins. Co. of Am.*, 238 P.3d 830 (table) (Nev. 2008) (citing *Vigoren v. Transnational Ins. Co.*, 482 P.2d 96, 97 (Nev. 1970)). Further, the question of whether an insurer had knowledge of a misrepresentation "is an issue of fact to be determined by the jury." *Id.* (citing *Vigoren*, 482 P.2d at 97).

The evidence establishes significant bases for genuine dispute of the material fact as to whether James River had knowledge of the Hilton Defendants' misrepresentations on Policy 60411-6. The assumption underlying *Mitchell*'s application to this case – that James River did not know that the Hilton Defendants were lying at the time James River issued the policy in December 2019 – cannot be supported by the record. As set forth above, there is evidence suggesting that James River may have had knowledge of the inaccuracy of the Hilton Defendants' answers on the insurance policy application as early as September 25, 2019. *See* ECF No. 36, Ex. C at 1-3 (emails from Barnes alerting James River to the disciplinary proceedings against the Hilton Defendants). Further, the record supports that by the time the seventh policy (Policy No. 60411-6) was issued, James River did know about Hilton's disciplinary proceedings because it raised the premium it was charging Mountain Vista Law Group compared to previous policies due to Barnes' emails. *See* Transcript of Motion Hearing, ECF No. 65 (counsel for James River states that "the premium went up the following year in light of" Barnes' complaint). Thus,

1 James River's statement that they "investigated the Gotti claims unaware of the Nevada State
2 Bar's proceedings against Hilton" is inconsistent because James River was already in possession
3 of Barnes' emails.

4       Gotti and the Hilton Defendants have met their burden and established that it was clear
5 error to grant summary judgment in this case. The decision relied upon a misapplication of
6 *Mitchell*. *Mitchell* notes that an insurer waives its right to rescind a policy on the grounds of false
7 representations if it were aware of the falsity of those representation. *See Mitchell*, 127 Cal. Rptr.
8 3d at 640-41. Here, if and when James River learned of Hilton's disciplinary proceedings is
9 disputed. The timing of when James River's learned of Hilton's misrepresentation is a genuine
10 issue of material fact. Further, based on the evidence before the Court, there is a genuine dispute
11 over whether James River would have issued a policy to the Hilton Defendants when they issued
12 a policy in December of 2019, *after* they were made aware of the disciplinary proceedings against
13 Cory Hilton. Because these are genuine issues of material fact, I find it was clear error to
14 summarily grant James River's motion for summary judgment and I grant Defendants motion for
15 reconsideration.

16 **II.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

17       In granting motions for reconsideration, the Court "possesses the inherent power to
18 reconsider an interlocutory order for cause, so long as the Court retains jurisdiction." LR 59-1; *see*
19 *also City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("As long as a district
20 court has jurisdiction over [a] case, then it possesses the inherent procedural power to
21 reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."
22 (internal quotations omitted)). Consequently, I reconsider and modify the Order granting James
23 River summary judgment (ECF No. 43) pursuant to the discussion *supra*.

24

James River seeks summary judgment for an order rescinding the two James River policies at issue in this case (Policies 60411-5 and 60411-6), arguing that they relied upon materially false information provided by the Hilton Defendants in issuing those policies. *See generally* ECF No. 30. Defendant Barnes argues that summary judgment is inappropriate due to genuine disputes of material facts as to whether James River actually relied upon the misinformation provided to it by the Hilton Defendants, and as to whether James River would have issued the insurance policies if they had knowledge of the misrepresentations at the times the policies were issued. ECF No. 36 at 5-6. The Hilton Defendants argue that summary judgment is inappropriate because the Hilton Defendants add that Plaintiffs had an agent who was responsible for the erroneous information. *See generally* ECF No. 38. They also argue James River is estopped from seeking rescission based on the equitable doctrine of "unclean hands".[6] *Id.* Defendant Gotti, who at the time of the summary judgment briefing was still *pro se*, joined both Barnes' and the Hilton Defendants' responses. ECF No. 39.

**A. Legal Standard**

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party carries its burden, the non-moving party must "make a showing sufficient to establish the existence of [the

---

[6] Because I deny in part James River's motion for summary judgment based on finding genuine disputes of material fact, I do not address the arguments against summary judgment based on the agency relationship or the unclean hands doctrine.

disputed] element to that party's case." *McGrath v. Liberty Mut. Fire Ins. Co.*, 836 F. App'x 551, 552 (9th Cir. 2020) (internal quotations omitted). Finally, courts view the evidence and reasonable inferences in the light most favorable to the moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

In Nevada, recission of insurance contracts is justifiable "if any one of the enumerated factors in NRS 687B.110 applies." *Morales*, 238 P.3d at 830 (table) (citing *Randono v. CUNA Mut. Ins. Grp.*, 793 P.2d 1324, 1325 (Nev. 1990)). NRS 687B.110 provides that misrepresentations in an application for an insurance policy may prevent recovery under that policy if such misrepresentations are 1) fraudulent, or 2) material either to the acceptance of the risk, or to the hazard assumed by the insurer, or 3) the insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

**B. Analysis**

James River argues that summary judgment ordering rescission of the contracts is proper because there is no genuine dispute of material fact that the Hilton Defendants' responses to question 16 on both policies (Policy Nos. 60411-5 and 60411-6) were both false and material to the acceptance of the risk assumed by James River. ECF No. 30 at 7. Defendants each argue that the responses were not material to the acceptance of risk assumed by James River. ECF Nos. 36 at 7, 38 at 4. I find that the materiality of the acceptance of risk depends on when James River learned that the Hilton Defendants' responses were untruthful. There is no genuine dispute regarding the fact that James River had no knowledge that the Hilton Defendants incorrectly answered "no" to Question 16 of their renewal application for the sixth policy, Policy No. 60411-

5. But I do find there are genuine dispute of material facts regarding the seventh policy, Policy No. 60411-6.

          a. *Policy No. 60411-5*

There is no evidence suggesting that James River knew that the Hilton Defendants lied on the disciplinary proceedings and/or investigations question (question number 16 on the application) for policy 60411-5. Under Nevada law, the materiality of those misrepresentations can prevent claimants from recovery under the sixth policy. *See* NRS 687B.110 ("misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless…the insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate…"). The sixth policy (Policy No. 60411-5) was issued in December 2018, nine months before Barnes communicated with James River's claim examiner regarding Hilton's ongoing disciplinary proceedings. James River asserts that "if [it] had known of the existence and nature of [the proceedings against Hilton] … [it] would have declined to insure Mr. Hilton" and the sixth policy (Policy No. 60411-5) would not have issued." ECF No. 30, Seggerman Decl. at 4.

The paucity of evidence regarding James River's knowledge of the existence of the proceedings against Hilton precludes any genuine dispute of material fact as to whether James River would have declined to insure the Hilton Defendants at the same premium rate. James River's declaration that the Hilton Defendants' misrepresentations affected James River's decision to issue Policy No. 60411-5 is persuasive because when James River later had some knowledge of the misrepresentations, it raised the premiums charged to the Hilton Defendants. ECF No. 64 at 17. Under NRS 687B.110, the insurer's good faith determination that it "would not have issued [the policy] at the same premium rate" is grounds to rescind the insurance policy.

There is no genuine dispute of material fact as to whether James River satisfies the statutory requirements with respect to Policy No. 60411-5. I thus partially grant James River's motion for summary judgment and declare they may rescind Policy No. 60411-5.

                          b.   *Policy No. 60411-6*

James Rivers has not met its burden establishing that there are no genuine disputes of material fact regarding Policy No. 60411-6. Barnes' emails to James River in September 2019 indicate that James River had the knowledge of the Hilton Defendants' misrepresentations in its own files. Stated otherwise, that email makes a showing sufficient to establish the existence of a disputed fact in Plaintiff's case. All parties make the same arguments as above (that is, their summary judgment papers did not differentiate between Policy No. 60411-5 and Policy No. 60411-6). But that generalization does not consider the timing of Barnes' correspondence with James River's claim examiner, Nina Rotenberry, and Gotti's subsequent communication with Plaintiff.

The parties' arguments establish that there are genuine issues of material fact over whether Hilton's misrepresentations were (1) material to the risk assumed by James River when they issued Policy 60411-6, and (2) as to whether James River in good faith would have not issued Policy 60411-6 if it had known of Hilton's misrepresentations. It is a material question of fact regarding when James River learned of the Hilton Defendants' misrepresentations on question 16 of the insurance policy numbered 60411-6 asking "[i]n the last 12 months, has any attorney associated with your firm been the subject of any new or **current investigation, disciplinary action or proceeding?**". ECF No. 30, Ex. 7 at 3 (emphasis added). Mountain Vista Law Group's application preparer checked "no" in response to that question. *Id.* James River accepted then issued the policy, with an effective policy period of December 14, 2019, through December 14, 2020. ECF No. 1 at 4. James River claims that they were "unaware that the 'no'

14

answer to question 16…was false." ECF No. 30 at 5. But, as detailed *supra*, Barnes sent emails to James River in September 2019 describing her complaint against Hilton and the Law Offices of Cory J. Hilton that she filed with the State Bar. *See generally* ECF No. 36, Ex. C. These emails alerting James River to the existence of Barnes' complaint suffice to demonstrate that there is a dispute regarding James River's knowledge that Hilton was subject to an **investigation, disciplinary action or proceeding**. James River argues that the filing of a bar complaint differs from a disciplinary proceeding. That is not true under Nevada law which provides that "disciplinary proceedings are generally treated as civil actions" and, with limited exception, "'the Nevada Rules of Civil Procedure and the Nevada Rules of Appellate Procedure apply in disciplinary cases.'" *Matter of Discipline of Arabia*, 495 P.3d 1103, 1109 (Nev. 2021) (quoting SCR 119(3)). Under the Nevada Rules of Civil Procedure, an action is "commenced by filing a complaint." Nev. R. Civ. P. 3. Furthermore, even if a filing of a complaint does differ from a disciplinary proceeding, question 16 is not limited to disciplinary proceedings: the application asks if the applicant has been subject to any **investigation, disciplinary action or proceeding**. At a minimum, James Rives was on notice of an investigation, but based on a broad application of Nevada law, was also notified of an on-going proceeding.

Consequently, there is a genuine dispute of material fact as to whether James River knew in December 2019 that the Hilton Defendants' response to question 16 on the policy numbered 60411-6 was false. Given that James River's knowledge of the misrepresentation is disputed, there is also a genuine dispute of material fact as to whether James River would have issued policy 60411-6 given Hilton's misrepresentation.

The evidence suggests that James River had knowledge of Hilton's misrepresentation in its files and issued the policy anyways. Furthermore, the fact that James River raised premiums in response to the Barnes complaint signifies that James River acknowledged Barnes' warning

that disciplinary proceedings against the Hilton Defendants had commenced before the State Bar, then adjusted the price of the risk they assumed by covering the Hilton Defendants.

To the extent that James River in fact had knowledge of the Hilton Defendants' material misrepresentation on Policy 60411-6, James River has waived the right to rescind the policy based on that misrepresentation. Nevada law provides that "[w]hen an insurer knows that an applicant has made a material misrepresentation on its application, it waives the right to rescind the policy on the basis of the misrepresentation." *Morales*, 238 P.3d at 830 (table) (citing *Vigoren*, 482 P.2d at 97). But generally, the question of whether an insurer had knowledge of a misrepresentation "is an issue of fact to be determined by the jury." *Id.* (citing *Vigoren*, 482 P.2d at 97). Accordingly, summary judgment regarding Policy 60411-6 is inappropriate.

### III.   CONCLUSION

For the reasons set forth in this Order,

IT IS HEREBY ORDERED THAT Defendant Gotti's Motion for Reconsideration (ECF No. 45) is GRANTED.

IT IS FURTHER ORDERED THAT Defendants Cory J. Hilton's, Law Offices of Cory J. Hilton's, and Mountain Vista Law Group's Motion for Reconsideration (ECF No. 56) is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff James River's Motion for Summary Judgment (ECF No. 30) is GRANTED in part and DENIED in part as set forth in this Order.

IT IS SO ORDERED.

DATED this July 11, 2022.

_____
Cristina D. Silva
United States District Judge