MICHAEL C. MILLS, ESQ.
BAUMAN LOEWE WITT & MAXWELL
3650 N. Rancho Dr., Suite 114
Las Vegas, NV 89130
Telephone: (702) 240-6060
Facsimile: (702) 240-4267
E-mail: mmills@blwmlawfirm.com

H. DOUGLAS GALT, ESQ.
WOOLLS PEER DOLLINGER & SCHER APC
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone: (213) 629-1600
Facsimile: (213) 629-1660
E-mail: dgalt@wpdslaw.com

Attorneys for Plaintiff James River Insurance Co.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA – LAS VEGAS

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>CORY J. HILTON; LAW OFFICES OF CORY J. HILTON; MOUNTAIN VISTA LAW GROUP, LLC; TOMIKO BARNES; and BRIAN GOTTI<br><br>Defendants | Case No.: 2:20-cv-00687-CDS-VCF<br><br>**JOINT PRE-TRIAL ORDER** |

1

After pretrial proceedings in this case,

IT IS ORDERED:

## I.

This is an action for rescission of insurance policies and damages due to fraudulent concealment by the insured. Plaintiff is James River Insurance Company ("James River"). James River issued professional liability policies to defendants Cory J. Hilton, Esq., Law Offices of Cory J. Hilton and Mountain Vista Law Group, LLC. ("the Law Firm Defendants"). Defendant Brian Gotti ("Gotti") was a client of the Law Firm Defendants who presented two claims under a James River policy ("the Gotti Claims"). Defendant Tamiko Barnes ("Barnes") was a client of the Law Firm Defendants who presented a claim under a James River policy ("the Barnes Claim").

James River began insuring the Law Firm Defendants under an annual policy ("the Policy") that incepted on December 14, 2013. The Law Firm Defendants submitted renewal applications each fall, and James River renewed the Policy each year, with the last one expiring on December 14, 2020. The Policy provides coverage for claims first made during the policy period and first reported during the policy period or the extended reporting period.

The Barnes Claim was first made during the 12/14/18 – 12/14/19 Policy. The Gotti Claims were first made during the 12/14/19 – 12/14/20 Policy.

James River contends that it has the right to rescind the 12/14/18 – 12/14/19 Policy due to material misrepresentations or omissions in the applications submitted by the Law Firm Defendants, and, with the rescission of the 12/14/18 – 12/14/19 Policy, there is no coverage for the Barnes Claim. This issue was presented in a motion for summary judgment, and the Court (the Honorable Richard Boulware, Judge presiding) granted the motion. [Doc. #43.] After granting motions for reconsideration, the Court (the Honorable Cristina D. Silva, Judge presiding) again held that James River had the right to rescind the 12/14/18 – 12/14/19 Policy. [Doc. #67 (p. 14).] Accordingly the

issue of coverage for the Barnes claim will not be tried.

James River contends that it has the right to rescind the 12/14/19 – 12/14/20 Policy due to material misrepresentations or omissions in the applications submitted by the Law Firm Defendants, and, with the rescission of the 12/14/19 – 12/14/20 Policy, there is no coverage for the Gotti Claims. James River further contends that, because it would not have issued the 12/14/18 – 12/14/19 Policy had the Law Firm Defendants' applications contained truthful and complete answers, it would have declined to issue the subsequent 12/14/19 – 12/14/20 Policy.

James River also contends that, as a proximate result of the material false statements or omissions made by the Law Firm Defendants, it has suffered damages, including costs and fees incurred to defend the Law Firm Defendants against the Barnes and Gotti claims.

The Law Firm Defendants contend they did not make false statements of, or omit to state, material facts in their applications to James River and that James River is not entitled to rescind either of the involved policies. They further contend James River was fully apprised (or should have been fully apprised) of the status of the Law Firm Defendants because James River's agent/broker, who procured the policies on behalf of James River and who independently prepared the submitted application to James River, was fully apprised of the involved situations. Further, the discipline of any attorney in Nevada is a matter of public record and is deemed to be within the purview of James River at the time it issued these policies. James River also continued to actively solicit the continued business of and accepted the policy premiums from the Law Firm Defendants even after this allegedly disqualifying information was known. Finally, James River, if it truly deemed the Law Firm Defendants were unfit insureds due to issues with the State Bar, is obligated to return all the accepted premiums paid during the time of such alleged unacceptablility.

Gotti contends the Law Firm Defendants did not make false statements of, or

omit to state, material facts in their applications and that James River is not entitled to rescind the 123/14/19 – 12/14/20 Policy.

## II.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interests and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

James River is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Richmond, Virginia, and authorized to do business and actually doing business as an insurance carrier under the laws of the State of Nevada.

Defendant Cory J. Hilton, Esq., is an individual, and at all times mentioned in this Complaint has been a Nevada resident. During the relevant times, he was the owner of a Nevada corporation known as Law Offices of Cory J. Hilton.

Defendant Mountain Vista Law Group, LLC, is a limited liability corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

Defendant Barnes is an individual and a resident of Nevada.

Defendant Gotti is an individual and a resident of Nevada.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) (2), in that a substantial part of the events giving rise to the claim occurred in this District.

## III.

The following facts are admitted by the parties and require no proof:

1. James River is not an "admitted" insurance company in the State of Nevada. Accordingly, it does not interact directly with a prospective insured. To obtain

1063811.1

coverage from James River, a Nevada applicant works with a Nevada insurance broker, which is commonly referred to as the "retail agent".

2. In November 2013, Harrison Insurance Agency, as the "retail agent" and Worldwide Facilities, Inc., as the wholesale broker, submitted an application to James River for professional liability insurance for defendant Law Office of Cory Hilton.

3. As of November 2013, and continuing to today, James River had and has no agency agreement with Harrison Insurance Agency.

4. In successive years beginning in December 2014, Law Office of Cory Hilton or its successor law firm (defendant Mountain Vista Law Group, LLC) submitted applications for renewal policies from James River.

5. Each of the professional liability policies issued to Law Office of Cory Hilton or its successor was written on a "claims made and reported" coverage form.

6. The written application submitted to James River for the initial Policy contained this question: "6. After inquiry with each person as appropriate, do you, or any of your partners, officers, directors, or employees know of any circumstances acts, errors, omissions, or any allegations or contentions of any incident that could result in a claim?" The "no" box was checked.

7. Each application submitted for the subsequent six policies contained this question: "18. Since your last application to James River, have you or any member of your firm become aware of any claims, potential claims, or suits involving the law firm or any attorney associated with the law firm?" On each application, the "no" box was checked.

8. The written application submitted to James River for the initial Policy contained this question: "7. After inquiry with each person as appropriate, has an attorney for who coverage is sought ever been refused admission to practice, been disbarred, suspended, reprimanded, sanctioned, or held in contempt by any court, administrative agency or regulatory body or been subject of a disciplinary complaint

made to any of the aforementioned entities?" The "no" box was checked.

9. Each application submitted for the subsequent six policies contained this question: "16. In the last 12 months, has any attorney associated with your firm been the subject of any new or current investigation, disciplinary action or proceeding?" On each application, the "no" box was checked.

10. The written application submitted to James River for the initial Policy contained this question: "3. Are you being cancelled or non-renewed by your current professional liability carrier?"

11. Each application submitted for the second through seventh policies contains this statement: "NOTICE TO APPLICANT: ¶The insurer will rely upon this application and all such attachments in issuing the policy."

12. The first 5 policies (nos. 00060411-0, 00060411-1, 00060411-2, 00060411-3, and 00060411-4) expired without a claim being reported.

13. During the period of 12/14/19 – 12/14/20 Policy (the 7th policy), and as part of his presentation of his claims, Gotti provided James River with a December 2, 2019, Nevada Supreme Court brief filed by the Nevada State Bar in a disciplinary proceeding against Cory Hilton.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: N/A.

None.

V.

The following are the issues of fact to be tried and determined at trial:

1. Whether the Law Firm Defendants' application for the 12/14/19 – 12/14/20 Policy contained misstatements or omissions of material fact

2. Whether, if the application contained material misstatements or omissions, James River relied on the application in deciding whether, and on what terms to issue the 12/14/19 – 112/14/20 Policy

3. Whether any other grounds would support rescission of the 12/14/19 – 12/14/20 Policy

4. Whether James River suffered any damages due to material misstatements or omissions in the applications for the 12/14/18 – 12/14/19 and 12/14/19 – 12/14/20 Policies, and the amount of such damages

5. Whether Plaintiff's Complaint fails to state a claim against the Law Firm Defendants upon which relief can be granted.

6. Whether any damage suffered by Plaintiff was a direct and proximate result of its own misconduct and actions.

7. Whether Plaintiff failed to exercise ordinary care, caution or prudence for the protection of its own interests.

8. Whether any of Plaintiff's injuries and/or damages, if any, were directly and proximately caused, or contributed to, by the fault, failure to act, carelessness and negligence of Plaintiff.

9. Whether any claims can be asserted against Cory Hilton, individually, since the at-issues insurance policy or policies were issued on behalf of a separate corporate business entity and Plaintiff has not acted to pierce the corporate veil.

10. Since any disciplinary matters are matters of public record and, as such, were open, obvious, and known to Plaintiff, whether, by reason thereof, Plaintiff either ignored said matters at its own risk/peril or is constructively presumed to know of its existence and acted to issue its insurance policies in light of that knowledge.

11. Whether the Law Firm Defendants acted in a good faith belief their actions were legally justifiable.

12. Whether Plaintiff had at least constructive notice of all the facts and acts

7

of these answering Defendants as set forth in the Complaint through the knowledge of its agent/broker who procured the insurance for Defendants and who actually prepared the submitted application for insurance.

13. Whether Plaintiff's continued solicitation of the Law Firm Defendants' business after the alleged improprieties were allegedly discovered waives any claim as to the uninsurability of those entities by Plaintiff.

14. Whether Plaintiff, by its word or conduct or both, has knowingly and voluntarily waived any rights it might have had under the circumstances alleged in the Complaint.

15. Whether the Law Firm Defendants' actions were properly based on reliance upon the actions and statements of Plaintiff and its agents.

16. Whether Plaintiff's actions constitute a breach of the contractual duties between itself and these Defendants.

17. Whether Plaintiff has unclean hands in this matter.

18. Whether any reliance by Plaintiff on any representations by the Law Firm Defendants caused any identifiable damage to Plaintiff.

19. Whether Plaintiff has acted to mitigate damages alleged to have been caused by these answering Defendants.

20. Whether the comparative fault of Plaintiff exceeds that of these answering Defendants, precluding recovery.

21. Whether Plaintiff's claims are barred by the principles of laches.

22. Whether, if the Law Firm Defendants are deemed to have been uninsurable by Plaintiff due to any filed Bar complaint, they are entitled to the return of all premiums paid over the life of the contract(s) from the beginning of the relationship with Plaintiff to the present—for such a time as they were unacceptable insurance risks.

23. Whether any damages sustained by Plaintiff were not caused by any negligence or want of care on the part of the Law Firm Defendants, but through the

design, negligence, or want of care of a third person(s) over whom they had no control.

24. Whether the knowing misstatements placed in any application for insurance by the agent designated to promote and procure Plaintiff's insurance product are properly attributable to Plaintiff rather than the Law Firm Defendants.

25. To what extent was Plaintiff charged with knowledge possessed by its designated insurance agent.

26. The extent of damages, if any, suffered by Plaintiff.

27. To the extent any of the following issues of law are more properly designated as issues of fact, they are incorporated herein.

VI.

The following are the issues of law to be tried and determined at trial.

1. Whether the insurance agent who prepared the application(s) upon which Plaintiff allegedly relied in issuing its insurance policies is properly deemed an agent of Plaintiff.

2. Whether the knowledge of an agent is imputed to its principal.

3. Whether actions inconsistent with a claimed position constitute a waiver or estoppel with said espoused position.

4. Whether an insured may properly rely on the actions/representations of an insurance agent who voluntarily completes an insurance application and directs the insured to simply sign the application.

5. Whether the representations of an insurance agent are binding on the insurer it purports to represent.

6. Whether an insurer's intentional refusal to consider information in the public record which is easily accessible until such time as a claim is made under the insurance policy and then consider it solely for the purpose of refusing to provide

coverage is an act of bad faith and/or a breach of its contractual duties.

7. Whether a party's refusal to take steps to protect its interests constitutes a failure to mitigate its damages.

8. Whether an insurer may be unjustly enriched by keeping insurance premiums for years when no claims are made under its policy of insurance if it only refuses to provide coverage when claims are actually made.

9. Whether there was any act of fraud or deceit on the part of the Law Firm Defendants in the procuring of an insurance policy under the facts of this case.

10. Whether Plaintiff has failed to mitigate its damages.

11. Whether Plaintiff has suffered any actual damages.

12. Whether the duty to defend a claim is broader than the duty to indemnify.

13. Whether a corporate structure protects individual owners from personal liability.

14. Whether an individual, acting in his or her official capacity on behalf of a corporate entity, is shielded from personal liability for those actions.

15. Whether the Law Firm Defendants made any affirmative misrepresentations in any application for insurance.

16. Whether reliance on the affirmative representations of Plaintiff's insurance agent as to whether it had correctly filled out the insurance application was justifiable.

17. To the extent any of the foregoing issues of fact are more properly designated issues of law, they are incorporated herein.

## VII.

(a) Plaintiff and the Law Firm Defendants agree that the following exhibits may be stipulated into evidence in this case and may be so marked by the clerk; defendant Gotti presently reserves his right to object to these exhibits on all permitted grounds[1]:

---

[1] Counsel for Gotti previously submitted a demand for prior discovery seeking to obtain

Ex. 1: Application for policy 00060411-0 (JR 00681 – 690)

Ex. 2: Application for policy 00060411-1 (JR 00786 – 789)

Ex. 3: Application for policy 00060411-2 (JR 00857 – 860)

Ex. 4: Application for policy 00060411-3 (JR 00950- 953)

Ex. 5: Application for policy 00060411-4 (JR 01021 – 1024)

Ex. 6: Application for policy 00060411-5 (JR 01154 – 1157)

Ex. 7: Application for policy 000604-6 (JR 01309 – 1314, 1323 – 1326)

Ex. 8: Policy 00060411-5 (JR 01519 – JR 01544)

Ex. 9: Policy 00060411-6 (JR UW 00284 – 308)

Ex. 10: Opening Brief (2019 WL 7598046) dated December 2, 2019.

Ex. 11: 11/25/19 Letter State Bar to Hilton (JR03325 – JR03326)

Ex. 12: 2/4/20 e-mail chain (JR01547)

Ex. 13: 2/5/20 e-mail chain (JR01581 – JR01584)

Ex. 14: Underwriting Guidelines (JR03461 0 JR03478)

Ex. 15: Attorney invoices

Exhibit A:   Renewal quote from James River Insurance company dated November 18, 2016

Exhibit B:   E-mail from Lars Elmqvist to Nick Magliarditi dated June 20, 2020 re: Hartford Professional Liability Quote

Exhibit C:   Resume re: Professional misconduct updated November 17, 2018

Exhibit D:   Renewal quote from James River Insurance Company dated December 3, 2019

Exhibit E:   Revised renewal quote from James River Company dated December

---

discovery produced by all parties to the case prior to its appearance in the case. To date Plaintiff has not responded to Gotti's demand. The parties agree that this situation was not intentional, and Plaintiff has agreed to promptly provide Gotti with prior discovery including all documents produced by Plaintiff related to this matter. Upon receipt and review of these documents, it is agreed that Gotti will notify Plaintiff and the Law Firm Defendants whether Gotti is agreeable to the stipulated admission of the exhibits listed here. The parties agree to promptly supplement this pre-trial disclosure as appropriate.

16, 2019

Exhibit F:   Correspondence from Richard J. Schmitzer President and CEO of James River Insurance to Mountain Vista Law Group dated October 14, 2019 re: expiring policy

Exhibit G:   E-mail from Tim Harrison to Nick Magliarditi re: Mountain Vista 2019 renewal quote dated December 3, 2019

Exhibit H:   E-mail from Tim Harrison to Nick Magliarditi re: Mountain Vista 2019 revised quote dated December 16, 2019

Exhibit I:   James River Insurance Company Individual Attorney Supplement Application for Peter Maitland Angulo dated December 11, 2019

Exhibit J:   E-mail from Tim Harrison to Nick Magliarditi re: Law Offices Cory Hilton Reorganized as Mountain Vista Law Group dated June 5, 2019

Exhibit K:   E-mail from Nick Magliarditi to Tim Harrison re: Law Offices Cory Hilton Reorganized as Mountain Vista Law Group dated June 5, 2019

Exhibit L:   James River Insurance Company Individual Attorney Supplemental Application for Joseph R. Smith dated December 11, 2019

Exhibit P:   Quote for continuation of insurance from James River for Mountain Vista Law Group, dated November 23, 2020

Exhibit Q:   Notice of Extension of Insurance Coverage for Mountain Vista Law Group from 12/14/2020 through 12/14/2021

Exhibit R:   Premium Invoice for Insurance Coverage from James River dated October 28, 2021

Exhibit S:   Ledger of Law Office of Cory J Hilton showing premium payments made on James River Insurance policies

Exhibit T:   Ledger and Miscellaneous records of Mountian Vista Law Group showing premium payments made on James River Insurance policies

Exhibit U:   Plaintiff's Answers to Request for Admissions

Exhibit V:   Plaintiff's Answers to Interrogatories

Exhibit W:   Plaintiff's Response to Request for Production of Documents

(b)   As to the following exhibits, the party against whom the same will be offered objects to their admission on the ground stated:

(1)   Plaintiff's exhibits and defendants' objections:

Ex. 10: 11/25/19 Letter State Bar to Hilton (JR03325 – JR03326)

(2)   The Law Firm Defendants' exhibits and plaintiff's objections:

Exhibit M:   Correspondence from John E. Peer, Esq. to Peter M. Angulo, Esq. dated June 19, 2020 re: coverage counsel

Objection: irrelevant.

Exhibit N:   Correspondence from Peter M. Angulo, Esq. to Marsha L. Stephenson, Esq. dated June 2, 2020 re: lawsuit

Objection: irrelevant; inadmissible legal argument, opinion

Exhibit O:   Correspondence from Peter M. Angulo, Esq. to Marshal L. Stephenson, Esq. dated June 25, 2020 re: rejection of attorney assistance

Objection: irrelevant; inadmissible legal argument, opinion

(3)   Gotti's exhibits and plaintiff's objections: Gotti intends to present and ask the Court to take judicial notice of publicly available records related to State Bar of Nevada disciplinary actions related to Corey Hilton available at: https://nvbar.org/for-the-public/find-a-lawyer/?usearch=corey+hilton . Gotti reserves the right to use or introduce for admission all exhibits proposed and listed in this pre-trial submission.

(c) Electronic evidence: the parties do not intend to present electronic evidence.

(d) Depositions:

    (1) Plaintiff will offer the following depositions: N/A

    (2) The Law Firm Defendants will offer the following depositions: N/A

    (3) Gotti will offer the following depositions: N/A

(e) Objections to depositions: N/A

## VIII.

The following witnesses may be called by the parties at trial:

(a) Plaintiff's witnesses:

Linda Finstad, Senior Claims Manager for James River Insurance Company has knowledge of the handling of claims presented under the policies, expenses incurred defending the insureds against the claims, and the decision to rescind the policies and deny coverage for the claims.

David Weisenberger, Senior Vice President of Underwriting for James River Insurance Company, has knowledge of the underwriting of the policies.

Michael Graves, Worldwide Facilities, LLC, 100 Spectrum Center, Suite 670, Irvine, CA 92618.  Mr. Graves has knowledge concerning the underwriting of the policies.

Tim Harrison, Tim Harrison Insurance Agency, 3470 E. Russell Rd., Suite 203, Las Vegas, NV 89120.  Mr. Harrison has knowledge concerning the underwriting of the policies.

Cory Hilton, Esq.  Mr. Hilton has knowledge concerning the underwriting of the

policies.

Nick Magliardi, Mountain Vista Law Group, has knowledge concerning the underwriting of the policies.

(b)   The Law Firm Defendants' witnesses:

1.   Cory J. Hilton.  He is expected to testify regarding the facts and circumstances surrounding the applications for insurance and any other matters relevant to this litigation (including damages).

2.   PMK for Law Offices of Cory J. Hilton.  This person is expected to testify regarding the facts and circumstances surrounding the applications for insurance and related matters.

1.   PMK for Mountain Vista Law Group, LLC.  This person is expected to testify regarding the facts and circumstances surrounding the applications for insurance and related matters.

2.   James River Insurance Company. This person is expected to testify regarding the facts and circumstances surrounding the applications for insurance and related matters.

3.   Tim Harrison/Tim Harrison Insurance Agency.  Mr. Harrison is expected to testify regarding his relationship with James River, his role and relation in processing insureds for James River, the claim history for James River regarding Defendants, historical acceptance of insureds by James River, the application process in insuring Defendants, and other matters.

4.  Lars Elmqvist. Mr. Elmqvist is expected to testify regarding the facts and circumstances giving rise to this action and the asserted defenses.

5.  Nick Magliarditi. Mr. Magliarditi is expected to testify regarding the facts and circumstances giving rise to this action and as to any other matters relevant to this litigation (including damages).

(c) Gotti's witnesses:

1. Brian Gotti: Mr. Gotti is expected to testify regarding the facts and circumstances of his representation by Corey Hilton and the Law Firm Defendants, claims made related to that representation, his interactions and communications with Plaintiff, and his efforts in locating disciplinary records and complaints regarding Corey Hilton.

## IX.

The attorneys or parties have met and jointly offer these three trial dates: December 4, 2023 (excepting December 6, 7, and 8); January 8, 2024; April 29, 2024.

## X.

It is estimated that the trial will take a total of 5-7 days.

APPROVED AS TO FORM AND CONTENT:

/s/ H. Douglas Galt
_____
Attorney for Plaintiff

16

/s/ Peter Angulo
_____
Attorney for Law Firm Defendants


/s/ Eric Hone
_____
Attorney for Defendant Brian Gotti

XI.

ACTION BY THE COURT

This case is set for court trial on the ~~fixed~~/stacked calendar on <u>April 29, 2024</u> at 9:30 a.m. Calendar call will be held on <u>April 11, 2024</u> at 9:30 a.m. in courtroom 6B.

Dated: October 2, 2023

_____
United States District Judge